## Z. Hunt et al. v. Herman Siemers.

Decided November 8, 1899.

1. **Action—Agreement to Dismiss.**

A plaintiff who has agreed for a valuable consideration to dismiss his suit, can not recover, though it be admitted that his cause of action was good.

2. **Written Contract—Parol Evidence Not Objected to.**

Though the written contract concerning settlement of the matters in litigation contained no agreement by plaintiff to dismiss his suit, where defendant was permitted, without objection, to prove a parol agreement to dismiss, such evidence was properly considered, though it added to the written contract.

3. **Contract by Agent—Proof of Agency.**

Where defendant's pleading set up a written contract alleged to have been executed by one plaintiff as agent also for the others, it was not necessary for defendant to prove the agency, in the absence of a sworn denial of it.

4. **Vendor and Vendee—Specific Performance.**

A vendor is not precluded from enforcing specific performance of an agreement for sale of land by the fact that, after refusal by the vendee to carry out the contract, such vendor had leased the land for a year, subject to the contract of sale.

5. **Sale of Land—Specific Performance—Failure of Title to Part—Divisible Contract.**

An agreement for sale of two tracts of land is divisible and may be specifically enforced as to one when title to the other has failed, where the contract showed that vendees had undertaken, in certain contingencies, to purchase less than the whole amount.

Appeal from McLennan. Tried below before Hon. Marshall. Surratt.

*Lindsey & Smith,* for appellants.

*J. R. Downs* and *Richard I. Munroe,* for appellee.

Key, Associate Justice.—The nature and result of this suit is stated as follows in appellants' brief:

"Plaintiffs in their petition sued to recover a part of lots 2 and 3 of the J. D. Sanches four-league survey, in McLennan County, Texas, describing the same by metes and bounds. Defendant answered by general exception, plea of not guilty, and the statute of limitations. He also answered that he had purchased the land from J. C. Morris and wife, Minnie Louise Morris, and avouched them to warranty, though he never made them parties. But his description of the land so purchased from Morris and wife shows that it was other land than that sued for.

"Defendant further answered, by way of cross-bill, that plaintiffs were estopped from prosecuting their suit, because that heretofore the plaintiff, G. S. Hunt, acting for himself and having full power and authority to act as the agent of his codefendants and bind them, did, on to wit, the 25th day of September, 1898, agree with this defendant that if he would sell plaintiffs the land described in defendant's answer, 107½ acres, and

also a tract belonging to this defendant of 221 acres in Falls County, Texas, and fully described below by field notes, and enter into a written contract to sell said two tracts of land to plaintiffs at the price of $25 per acre cash, that plaintiffs would dismiss this suit at their costs and buy from and pay this defendant for said two tracts of land, and generally averred performance and readiness to perform on his part. Defendant attached to his answer said alleged written agreement, which was dated 1st of October, 1898, and signed, 'Estate of Z. Hunt, by G. S. Hunt, Ag't.' But the land so agreed to be sold and purchased in said agreement was different land from that sued for, and said written agreement did not contain any stipulation about dismissing this cause, or any allusion thereto.

"Plaintiffs filed their supplemental petition and set up a general demurrer, general denial, that the land mentioned in said alleged agreement was other and different land from that sued for by them, and further asking for judgment for the $250 liquidated damages provided for in said agreement for a violation thereof.

"The court rendered judgment against plaintiffs and in favor of defendant, dismissing this cause and enforcing specific performance of said contract. Plaintiffs made a motion for a new trial, which being overruled, they gave notice of appeal, and bring this cause to this court."

1. It is insisted in this court that the judgment is manifestly erroneous, because, as shown by the statement of facts, the parties agreed at the trial that the title to the land sued for by appellants was in them, and appellee had encroached thereon about twenty-one acres. This would be correct, had not appellants made a contract binding themselves to dismiss their suit. No matter how clear and indisputable may have been their title to the land, if they made a binding contract to dismiss their suit for its recovery, they are not entitled to prosecute the suit and recover the land, unless appellee has violated or abandoned the contract.

2. The written contract contains no reference to this suit, and for this reason it is contended that the court committed error in dismissing appellants' suit. This would be true if appellee depended alone upon the written instrument as proof of the agreement to dismiss. The latter agreement, however, was proved by parol evidence, which was not objected to. Not having objected to this evidence, appellants acquiesced in its admissibility, and the court properly considered it as proof of the agreement pleaded.

3. Error is assigned upon the action of the court in decreeing partial specific performance of the contract of sale, because it was not shown that G. S. Hunt, who signed the contract, had authority to bind the other plaintiffs, and the manner of his signing shows that he did not intend to bind himself. The plaintiffs claim the land as devisees of Z. Hunt, deceased. The contract is signed: "Estate of Z. Hunt, by G. S. Hunt, Ag't." G. S. Hunt is one of the plaintiffs, and testified that

in making the contract he acted for himself and as agent for his co-plaintiffs, and the body of the contract gives the name of appellee as the party of the first part, and the names of appellants as parties of the second part. Besides, appellee charged in his cross-pleading that the written contract was executed for and on behalf of all the appellants, which averment was not denied under oath. Under these circumstances it was not necessary to prove G. S. Hunt's agency to bind his coplaintiffs, and the contract was binding upon him and them, because the statute so makes it. Rev. Stats., art. 1265; Drew v. Harrison, 12 Texas, 279; City Waterworks v. White, 61 Texas, 536.

4. It is also asserted that appellee abandoned the contract, leased the land for the year 1899, and thereby placed it out of his power to deliver possession to appellants by January 1, 1899, as stipulated in the contract. This was not done, however, until after G. S. Hunt and one of the other appellants had notified appellee that they refused to take the land and carry out the contract; and the lessee was informed of the contract of sale and leased the land subject thereto. Under these circumstances, we do not think this should be considered as an abandonment of the contract or preclude appellee from insisting upon its enforcement.

5. It is also urged that the contract for the sale of the two tracts of land is indivisible, and as appellee conceded and the court held that he could not make a good title to one of the tracts, it is insisted he was not entitled to a decree for specific performance as to the other. We are of the opinion that the contract is divisible. It binds appellants to pay $25 per acre for the number of acres the title to which they find to be good; and it further stipulates that in case the title to a certain 15-acre tract, part of the 215-acre tract previously referred to in the contract, should prove to be defective in the opinion of appellants' attorney, then appellee reserved the right to refuse to sell any or all of the 215-acre tract. This shows that appellants bound themselves, in certain contingencies, to purchase less than the whole of the lands referred to in the contract.

6. As we sustain the trial court in deciding in favor of appellee on his cross-action, of course we must overrule the contention that appellants were entitled to judgment for $250, damages stipulated as payable to them, should appellee breach the contract.

7. This opinion contains our conclusions, both of law and fact, concerning the matters presented in the briefs of the parties. We add, in general terms, that the evidence warrants findings in appellee's favor on all the issues of fact necessary to support the judgment, and we accordingly so find.

We have considered all of the assignments, and finding no reversible error, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.