### LON BLACK v. THE STATE.

#### No. 2307.   Decided March 20, 1901.

**Indictment—Forgery by Alteration of a Receipt—Explanatory Averments.**

An indictment for the forgery by alteration of a receipt, to be sufficient, should contain allegations or explanatory averments showing how said receipt or written instrument affected or discharged some obligation outside of the receipt itself. A receipt is not, necessarily, a pecuniary obligation; it may affect or discharge a pecuniary obligation, but the pecuniary obligation which it purports to affect or discharge must be averred and proven to be in existence.

APPEAL from the District Court of McLennan.  Tried below before Hon. SAM R. SCOTT.

Appeal from a conviction of forgery by alteration of a receipt; penalty, two years imprisonment in the penitentiary.

Defendant's motion to quash the indictment, because it charged no offense against the laws of the State, was overruled.

No further statement required.

*W. H. Lessing,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

The only question necessary to be considered is the validity of the indictment.  The indictment was for forgery, by altering the following receipt:  "Received from Lon Black twenty-five dollars, payment on S. P. Tiner note, Oct. 21st, '98.  [Signed] Winston & Higginson." The alleged alteration consisted in changing "twenty-five" to "fifty," so as to make the receipt for "fifty dollars."  There are no explanatory averments showing how said receipt would affect or discharge any obligation.  We are not informed how Lon Black was connected with the S. P. Tiner note.  Of course, if Lon Black owed one S. P. Tiner, on a note, more than $25, and Winston & Higginson owned the Tiner note, or were Tiner's agents for the collection of the said note, and Black paid them $25 on said note, and received their receipt for the same, and afterwards raised the $25 to $50, in order to use the same as an offset against said note, said instrument would be the subject of forgery; and the proof in this record shows that such were the condi-

tions in regard to said receipt and note, and Lon Black's connection therewith. But it ocurs to us that, before all of this evidence could have been gone into, the indictment should have contained allegations or explanatory averments showing how said receipt or written instrument affected or discharged some obligation outside of the receipt itself; and such we understand to be the condition of the authorities on the subject. Cagle v. State, 39 Texas Crim. Rep., 109; Womble v. State, 39 Texas· Crim. Rep., 24; Crawford v. State, 40 Texas Crim. Rep., 344; Colter v. State, 40 Texas Crim. Rep., 165. We are not advised that this particular question, involving the validity of an indictment charging the forgery of a receipt, has ever been before this court. We are referred to one case for forging a receipt in which the conviction was sustained. Fonville v. State, 17 Texas Crim. App., 368. But the indictment was not questioned in that case. The rule, as we understand it, is that where the instrument does not clearly import a pecuniary obligation, but requires extrinsic proof in order to show that, the extrinsic averments must be made. In this particular case the receipt is not an obligation. Under our statute, it may affect or discharge a pecuniary obligation, but the pecuniary obligation which it affects or discharges must be in existence; and, if it is not, the receipt would affect nothing, and the extrinsic fact (that is, the pecuniary obligation which the receipt is intended to affect) must be proven to exist, and, if it must be proven, we hold that it ought to be alleged.

It is not necessary to consider other questions, but for the refusal of the court to quash the indictment the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*