## A. W. Joiner v. The State.

### No. 3028.    Decided June 7, 1905.

**1.—Forgery—Indictment—Allegations Not Clear Yet Sufficient.**

Where an indictment for forgery alleged, after copying the alleged forged instrument, that the same was made by the defendant in the usual and ordinary way by which the alleged corporation was informed of the amount due by said corporation to its employees, etc., and the defendant in his motion in arrest of judgment contended that if said instrument was made in the usual and ordinary way, it could not be the subject of forgery. Held that when the other allegations, in which the details of the alleged forgery are set out, are taken together that no contradiction or incongruity is apparent, although such allegations are not as clear as they should be.

**2.—Same—Necessary Innuendo—Endorsement Essential Part of Instrument.**

Where in a prosecution for forgery the alleged forged instrument was indorsed: "This voucher when properly signed will be paid by W. T. Ferguson, Treasurer, Hearne, Texas," and the indictment, although setting out the entire instrument, did not by proper innuendo show what connection said W. T. F. had with said corporation, and that he was the payor of the instrument, which was an essential part of same, the indictment was fatally defective.

Appeal from the District Court of Llano.    Tried below before Hon. Clarence Martin.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Flack & Dalrymple* and *Q. U. Watson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State, cited Davis v. State, 5 Texas Ct. Rep., 357; Daud v. State, 34 Texas Crim. Rep., 460.

HENDERSON, Judge.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal. This case was reversed on a former

appeal because of defects in the indictment. Joiner v. State, 46 Texas Crim. Rep., 408; 10 Texas Ct. Rep., 412.

On the present appeal, appellant insists that the case should be reversed because the new indictment is not a good and sufficient indictment. He contends there is an incongruity and contradiction in the allegations of the indictment in this: in the purport and charging part of the indictment it is alleged and charged that defendant, "did then and there without lawful authority, and with intent to injure and defraud did wilfully and fraudulently make a certain false instrument in writing purporting to be the act of the Texas Telegraph and Telephone Company, acting through its president and general manager C. C. Gibbs, and W. H. Campbell, who was then and there the superintendent," etc., and then follows the allegations as to the official positions held by said parties; and then is copied the alleged false instrument. After this follows: "The above instrument made as aforesaid by the said A. W. Joiner was the usual and ordinary way by which the said Texas Telegraph and Telephone Company is informed of the amount due by said corporation to its employees and clerks for their wages and salaries due for the respective months, and of the amount of money due said employees and clerks for each month's work and service," etc. His contention crystallized, being that if, as alleged in the indictment, it was made in the usual and ordinary way by which the Texas Telegraph and Telephone Company, makes out its vouchers, in order to pay said clerks and employees, that it cannot be the subject of forgery. In other words, to say that the instrument was made and executed after the usual and ordinary way by which the pay of the clerks and employees was obtained, and then to say that such an instrument was the subject of forgery, would be a contradiction in terms. It occurs to us that this is a strained construction as to the allegations concerning this matter in said indictment. It is distinctly alleged in said indictment that A. W. Joiner, without lawful authority forged the name of C. C. Gibbs, as president and general manager of said corporation, and without lawful authority forged the name of W. H. Campbell on said instrument, his own signature, A. W. Joiner, auditor, being genuine. It is true that the pleader, after setting out a copy of the instrument then says: "The above instrument made as aforesaid by the said Joiner was the usual and ordinary way by which said company is informed of the amount due by said corporation to its employees and clerks for their wages and salaries due for the respective months, etc., and when so made out and signed by said Joiner, as auditor as aforesaid, and signed by the said Campbell on the line underneath the words 'I certify the above to be correct,' then said instrument would be sent to the general manager of said corporation and would be signed by that officer on the line underneath the words, 'approved for payment,' and the said instrument when so made out by the said A. W. Joiner as auditor, and by him signed on the line underneath the words 'Examined and Audited' and signed by the said W. H. Campbell as aforesaid, and

signed by the general manager of said corporation as aforesaid, would then and there become an instrument negotiable and assignable in law, and would be a charge upon said corporation for the amount mentioned therein to any person who may legally hold the same and collectible in any court having jurisdiction of the same." We understand that these allegations taken altogether do not manifest incongruity or contradiction in terms; that the allegation, "The above instrument made as aforesaid by the said A. W. Joiner, was the usual and ordinary way by which the said company is informed of the amount due by said corporation to its employees," etc., refers to the mode or form of making out said account. This is further explained and made certain by what follows, which we have quoted above. To reinforce this idea, it is further alleged in said indictment, that it was the duty of A. W. Joiner to make out an account of the money due the employees and clerks of said corporation on said form for each month from time to time; that in making out said account and securing the signatures thereto, of said W. H. Campbell, as aforesaid, and C. C. Gibbs, president and general manager of said corporation, he, the said Joiner acted as the agent of the said corporation by and with its authority and within the scope of his employment. And each account when so made out and signed as aforesaid, then and there became and was, had it been genuine, a valid binding pecuniary obligation upon said corporation." We believe that, taking all these allegations together, though they are not as clear as should be, does not make the instrument subject to the criticism of appellant as before stated. Of course, it would be better for the pleader to avoid this confusion and to make his allegations in this respect so clear and pointed as to escape any criticism whatever. We do not believe the case of Scott v. State, 40 Texas Crim. Rep., 105; 48 S. W. Rep., 523, cited by appellant's counsel, is in point. There it was apparent there was a contradiction in the terms of the indictment.

Appellant further contends that the indictment should be held for nought, because as a part of the instrument set out and appearing on its face is the following: "This voucher when properly signed will be paid by W. P. Ferguson, Treasurer, Hearne, Texas," and that nowhere does the indictment show who W. P. Ferguson was, or what connection he had with the Texas Telegraph and Telephone Company. We agree with appellant's contention. Ferguson was evidently the payor of the instrument, and this was an essential part of the forged instrument. It should have been distinctly alleged what connection W. P. Ferguson had with said company. If he was treasurer thereof it should have been alleged. In the Daud case, 34 Texas Crim. Rep., 460, there was no such endorsement or writing on the instrument. There the pleader was authorized, as was done, to allege that the same was an obligation of the Texas Central Railway Company, after it had been properly signed, etc. Here, the instrument, as stated, shows on its face that W. P. Ferguson had some connection with it; that

he was the payor of the same, but nowhere in the indictment is there any allusion to this matter, yet the instrument was evidently not complete without this endorsement. This was an essential part of the instrument, and the indictment should have contained allegations of an explanatory character with reference thereto.

Because of this error in the indictment, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*