### ROBERT REEVES v. THE STATE.

No. 3615.    Decided June 19, 1907.

**Forgery—Indictment—Innuendo Averments.**

Where in a prosecution for having in his possession a forged instrument with intent to use and pass the same as true, the instrument set out in the indictment imported upon its face a pecuniary obligation, innuendo averments were not necessary.

Appeal from the District Court of Morris. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Henderson & Robeson,* for appellant.—On question of insufficiency of indictment: Belden v. State, 99 S. W. Rep., 563; Ft. Dearborn National Bank v. Berrott, 57 S. W. Rep., 340.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by indictment with knowingly having in his possession a forged instrument with intent to use and pass the same as true, and convicted and his punishment assessed at two years in the penitentiary.

The instrument upon which the transaction is based, as stated in the indictment, is as follows: "Daingerfield, Texas, 3—26—1907, No. The Citizens National Bank of Daingerfield pay to the order of Henry Moore $75.00 Seventy-five dollars. A. G. Wise." Appellant moved to quash the indictment on the ground that same contains no innuendo averments to show that the instrument was or could be a legal obligation; that it fails to show how and in what manner one to whom said instrument was or might have been passed could have been affected or defrauded by it, and because same is based on a condition the fulfillment of which depends on the act of some one else and future contingencies; that it fails to show that A. G. Wise had an account at or credit with the Citizens National Bank of Daingerfield, Texas, and furthermore, the instrument declared on is made payable to the order of one Hervey Moore and does not show that the said Hervey Moore had endorsed it or in any manner transferred his interest in it. To support appellant's contention he cites us to the case of Belden v. State, 99 S. W. Rep., 563. We do not think the case cited supports appellant's contention. The mere fact that Hervey Moore had not endorsed the instrument would not prevent the same being a pecuniary obligation, but the instrument, clearly upon its face, is an ordinary check upon a bank, which is alleged to have been forged. It is not necessary for the instrument to allege to whom appellant attempted to pass the forged check. We do not think any of the innuendo averments appellant insists upon were necessary. As stated, the instrument was one which clearly imports upon its face a pecuniary obligation, and where this is true innuendo averments are not necessary.

We find no statement of facts in the record, and the above is the only question that can be reviewed in the light of this record. We hold that the court did not err in failing to quash the indictment, but that the same was in all respects correct.

The judgment is accordingly affirmed.

*Affirmed.*