### JOHN WHITMIRE v. THE STATE.

No. 2451.  Decided May 14, 1913.

**1.—Forgery—Insufficiency of the Evidence.**

Where, upon trial of forgery, the evidence was insufficient to support the conviction, the same could not be sustained.

**2.—Same—Indictment—Explanatory Averments.**

Where it does not appear on the face of the alleged forged instrument whether the same is such upon which a prosecution for forgery can be based, the indictment should allege sufficient explanatory and innuendo averments to charge the offense.

**3.—Same—Intent to Defraud—Insufficiency of the Evidence.**

Where, upon trial of forgery, the evidence did not show an intent to defraud anybody, and did not affect or change the responsibility of the person whose name was alleged to be forged, the conviction should not be sustained.

Appeal from the District Court of Austin. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Duncan & Duncan* and *C. G. Krueger,* for appellant.—On question of insufficiency of the indictment: Shirk v. People, 11 N. E. Rep., 888; Belden v. State, 50 Texas Crim. Rep., 565, 99 S. W. Rep., 563; Williams v. State, 6 S. W. Rep., 531.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of insufficiency of the indictment: Womble v. State, 44 S. W. Rep., 827; Crawford v. State, 50 S. W. Rep., 378.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

There are several very interesting questions presented for revision by this record, which but for the insufficiency of the facts to support the conviction would require consideration and discussion. Inasmuch,

however, as the evidence does not support the conviction, we deem it unnecessary to discuss those legal questions.

In a general way, however, we would say that the indictment we would regard as not being sufficient to charge the offense of passing a forged instrument. Without extrinsic or innuendo averments appellant is charged with passing the following instrument:

"Mr. Bartay please let Jim Whitmire have the plows if he dont pay you I will

Yours Respectfully

Mr. Sam Pier."

There are no averments explanatory of this instrument or what it meant. We think under the cases of Womble v. State, 39 Texas Crim. Rep., 24, and Crawford v. State, 43 Texas Crim. Rep., 44, this is not sufficient. It is not the purpose of the writer here to discuss this matter further than to say if it should be thought necessary to prosecute this case further, that an indictment should be presented with sufficient explanatory and innuendo averments. This indictment would not be sufficient in a civil case upon which to ask the court to enter judgment in favor of the plaintiff.

The evidence is insufficient. Without going into a repetition or detail of the evidence, in substance, it discloses that Bartay was a blacksmith and did work of that character. Appellant was working for Mr. Pier as a renter. Mr. Pier had informed appellant that he could use certain plows provided he, appellant, should have them sharpened or repaired at his, appellant's, expense, and requested or suggested to appellant that he carry them to Mr. Bartay to do the work, and told him that Mr. Bartay was a new blacksmith just setting up in business in that neighborhood. Appellant proceeded to Bartay's with these plows. Mr. Pier told appellant to inform Mr. Bartay that if he, appellant, did not pay for the work on the plows, that he, Pier, would do so. In other words, he told appellant to inform Mr. Bartay that he, Pier, would be responsible for whatever debt was incurred in repairing the plows in case appellant did not pay it. Mr. Pier so testifies and so does defendant. Bartay says when appellant came to him with the plows that he was informed by appellant such was the condition, but he objected to that, said it was not good or legal or something to that effect, and he then says appellant presented the written document declared on in the indictment. Appellant denied absolutely that he ever saw the written document or had anything to do with it. Pier testifies he did not believe appellant ever signed or wrote it. It is unnecessary to go into further details. There was some evidence attacking Bartay's testimony, but the substance of the case is about as stated. Under this evidence appellant was not guilty of forgery. There was no intent to defraud anybody. Mr. Pier had authorized him to inform Bartay of his responsibility to pay in case appellant did not pay. The written document did not affect or change the responsibility of Mr. Pier; he

so recognized it and paid the amount claimed by Bartay. McCay v. State, 32 Texas Crim. Rep., 233; Knowles v. State, 74 S. W. Rep., 767. The above is a brief summary of the facts.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*