## W. J. CARRELL v. THE STATE.

### No. 3974. Decided March 15, 1916.

**1.—Forgery—Indictment—Explanatory Averments—Authority to Draw Check.**

Where, upon trial of forgery, the indictment failed to allege by innuendo, explanatory averments or otherwise that the drawers of the alleged check, either or both, had any authority to draw a check against the available school funds of the alleged county, the same was insufficient.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of forgery and passing a forged instrument, the case was one depending entirely upon circumstantial evidence, the court's failure to charge thereon was reversible error.

**3.—Same—Other Transactions—Evidence.**

Upon trial of forgery and passing a forged check, the introduction of extraneous checks or vouchers in evidence was reversible error, as it was not made to appear that defendant had any connection therein, or that they were, in fact, forgeries. Following Frye v. State, recently decided.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of forgery; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*D. W. Odell* and *Johnson & Harrell,* for appellant.—On question of insufficiency of the indictment: Dreeben v. State, 71 Texas Crim. Rep., 341, 162 S. W. Rep., 501; Green v. State, 63 Texas Crim. Rep., 510, 140 S. W. Rep., 444; Costley v. State, 14 Texas Crim. App., 156;

Anderson v. State, 20 id., 595; Kennedy v. State, 33 Texas Crim. Rep., 183; Caffey v. State, 36 id., 198.; King v. State, 42 id., 108.

On question of other checks: Law v. State, 71 Texas Crim. Rep., 179, 160 S. W. Rep., 98; Harris v. State, 72 Texas Crim. Rep., 117, 161 S. W. Rep., 125; Hays v. State, 173 S. W. Rep., 671.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—The indictment contains two counts, one charging forgery of the following instrument, and the other passing the same instrument, towit:

"Cleburne, Texas, April 24, 1912.   No....

The National Bank of Cleburne

Pay to C. C. Thomas or order $637.00 Six Hundred and Thirty Seven & No/100 Dollars.

(Available School Funds.)

Fred T. Vickers,
Loula Rogers."

It also alleges the forgery consisted in the fact that the name of C. C. Thomas was written across the back of said check, and this was a fraudulent alteration, charging that appellant made the alteration. This count, however, was not submitted to the jury, but the following count was.   Omitting formal parts the second count charges that "on or about the 25th day of April, A. D. 1912, W. J. Carrell did then and there wilfully, knowingly and fraudulently pass as true, to one J. T. Jordan, a false and forged instrument in writing which had theretofore been made without lawful authority, and with intent to defraud; and was then of the tenor following": (which instrument is set out above) "endorsed on the back thereof 'C. C. Thomas,' which endorsement, towit, 'C. C. Thomas,' on the back of said instrument, the said W. J. Carrell then and there well knew to be forged, and did then and there so pass the same as true, with the intent to injure and defraud, against the peace and dignity of the State." This is signed by the foreman of the grand jury.

It will be noticed from reading the above count that it does not anywhere by innuendo, explanatory averments or otherwise allege that Fred T. Vickers and Loula Rogers, either or both, had any authority to draw a check against the available school funds of Johnson County. On the face of the instrument it purports to be drawn by two individuals, Fred T. Vickers and Loula Rogers, against the available school fund, to be paid by the bank specified, and drawn in favor of an individual, C. C. Thomas.   If we should go to the first count to assist the second count, which we do not believe here can be done, then the explanatory averments are still insufficient, because Loula Rogers, who is alleged to have signed the document, was not and could not be deputy

county treasurer, and as such would have no authority to issue a check. If Fred T. Vickers, treasurer, had authority to issue the check, he might doubtless authorize her to sign his name to the check, but it is alleged to be signed by her in an official capacity as deputy county treasurer. However, confining ourselves, as we think we should, to the second count charging the passing, there are no averments of any sort that would tend to show authority on the part of Vickers and Miss Rogers to draw the check against the available school fund. Before this money can be paid out the proper steps must be taken, and approved by the county superintendent. It may be the correct rule to state that it is unnecessary that the voucher or check or means of drawing money from the county available school fund should have gone through all of the steps legally prescribed in order to make it the subject of forgery. If one legal step is taken that would be calculated to deceive, and that could be used even as evidence to sustain further steps that might be necessary, under the authorities, this might be sufficient. But it is useless to discuss those matters. This count does not undertake anywhere to allege anything in the way of innuendo or explanatory averments which shows the check to be legal. It is not the purpose of the writer to go into a discussion of just what innuendo or explanatory averments may be called for to make a valid indictment, or even that it can be made valid by explanatory averments. The purpose of the opinion, so far as the writer is concerned, is that whatever steps may be required by statute must be followed.

There are several questions suggested for revision. Many exceptions were taken to the charge, and errors presented. One of these will be noticed. The case is one of circumstantial evidence. Appellant's connection with it is to be deduced entirely from circumstances, so far as any alteration of the instrument is concerned, or knowledge of the fact that it was altered. This called for a charge on circumstantial evidence, which was not given by the court. Exceptions were timely and properly reserved to this omission. This is noticed in passing, because upon trial under another indictment, should it be obtained, under the facts of this case it would be necessary for the court to charge on circumstantial evidence.

Several bills of exception were reserved to the introduction of a great number of checks to show system, intent, etc., as stated by the court qualifying the bills. As presented, these exceptions are well taken. Before these extraneous checks or vouchers can be admitted, it must be made to appear they were forgeries as well as connect appellant therewith. Frye v. State, recently decided by this court. It is not necessary to discuss these bills further.

The other matters may not arise and are, therefore, not discussed. The judgment is reversed and the prosecution ordered dismissed

*Reversed and dismissed.*