### W. H. SMITH v. THE STATE.

#### No. 4449.   Decided May 2, 1917.

**1.—Forgery—Indictment—Innuendo Allegations Necessary.**

Where, upon trial of forgery, the indictment was duplicitous, and, besides, the alleged instrument showed on its face that it is not a subject of forgery, in the absence of innuendo allegations, and bore date subsequent to the return of the indictment, etc., the same was bad on motion to quash. Following Womble v. State, 39 Texas Crim. Rep., 24, and other cases. Prendergast, Judge, dissenting.

**2.—Same—Spelling—Alleged Forged Instrument—Explanatory Allega-**
    **tions.**

    See opinion pointing out discrepancies between the spelling in the alleged forged instrument and the original, which should be properly explained, in the event a new indictment is found. Prendergast, Judge, dissenting.

**3.—Same—Original Instrument—Order of Court.**

    Where the originally alleged forged instrument was sent to this court for examination, the clerk of this court is directed to return same to the clerk of the lower court.

    Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippin.

    Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

    The opinion states the case.

    *A. S. Baskett,* for appellant.—On question of insufficiency of the indictment: Hickman v. State, 44 Texas Crim. Rep., 533; Heineman v. State, 22 Texas Crim. App., 44; Hickman v. State, 22 id., 441; Dixson v. State, 26 S. W. Rep., 500; Johnson v. State, 99 id., 404; Kennedy v. State, 33 Texas Crim. Rep., 183; Webb v. State, 39 id., 534; Feeny v. State, 58 id., 152; Roberts v. State, 2 Texas Crim. App., 4.

    *E. B. Hendricks,* Assistant Attorney General, for the State.—On question of sufficiency of indictment: Hendricks v. State, 26 Texas Crim. App., 176; Crawford v. State, 31 Texas Crim. Rep., 57; Reddick v. State, 31 id., 587; Kennedy v. State, 33 id., 183; Daud v. State, 34 id., 460.

    PRENDERGAST, JUDGE.—Appellant was convicted of forgery and assessed the lowest punishment.

    The indictment was in three counts. On appellant's motion the first two were quashed by the court. The third, outside of the usual and necessary preliminary and concluding allegations, is as follows:

    That appellant, on October 20, 1916, "without lawful authority and with intent to injure and defraud, did wilfully and fraudulently make a certain false instrument in writing which said false instrument in writing is to the tenor following: Nov. 20, 1916. Please let George Thomas have articles he desires and put on my bill and oblige. M. L. Bartholomew, 614 N. Pearl St.

    "That the foregoing false instrument in writing was presented to one Isadore Benno, an employee of A. Harris & Co., a corporation engaged in mercantile business in the City of Dallas, Texas, to be honored by the said A. Harris & Co.

    "That the said false instrument in writing would, if the same were true, have created a pecuniary obligation on the part of M. L. Bartholomew."

    Appellant made a motion to quash this count on these grounds:

(a)   It is duplicitous and charges two offenses, towit, forgery and passing as true a forged instrument in the same count.   (b)   The alleged forged instrument shows on its face that it is not a subject of forgery, and there are no innuendo allegations explaining it so as to render it a subject of forgery.   (c)   The alleged forged instrument bears a date subsequent to the date of the return of the indictment, and there are no innuendo allegations explaining it or showing that it was executed before the return of the indictment.

The indictment was returned and filed in the lower court November 7, 1916.   The majority of this court is of the opinion that said indictment is fatally defective, under the claimed authority of Womble v. State, 39 Texas Crim. Rep., 24; Huckaby v. State, 45 Texas Crim. Rep., 577; Cagle v. State, 39 Texas Crim. Rep., 109; Crawford v. State, 40 Texas Crim. Rep., 344; Lynch v. State, 41 Texas Crim. Rep., 209; Black v. State, 42 Texas Crim. Rep., 585.   (This writer does not concur in such holding.)

We see no necessity of particularly discussing the question.   Under the majority's views the cases cited would show what allegations are necessary to make a good indictment.

As the case is to be reversed, we call attention to the alleged forged order in some other particulars.   It has been sent up to this court under a proper authentication for the inspection of the court so that we could see the name signed thereto.   We have examined it and the signature, and in our opinion the name is spelled Bar*p*holomew and not Bar*t*holomew—that instead of the letter "t" in spelling the name a "p" is used.

This writer also calls attention to the word in said order which doubtless is "articles."   The "t" therein is not crossed nor the "i" dotted, and it seems that the first syllable of this word is "are."   Neither is the letter "i" in the word "oblige" dotted.   These matters escaped attack in the court below.   In the opinion of this writer it would be unnecessary to explain these omissions, but as the case is to be reversed and much more particularity is now required than formerly, he calls attention to them, so that if another indictment is preferred the pleader can explain them to prevent another reversal in case of conviction.

It would serve no useful purpose for this writer to cite the statute and decisions thereunder which would, in his opinion, unquestionably show that this indictment is a good one and is not defective in any material particular.   He may later do so.   He also thinks the above cases cited by the majority are inapplicable.

In accordance with the opinion of the majority, the judgment is reversed and the cause ordered dismissed.

As it may be necessary for the court below to have said alleged forged order, it is the further order of this court that the clerk send the said original order to the clerk of the court below and procure his receipt therefor.

*Reversed and dismissed.*