## WILLIAM SHED v. STATE.

### No. 2217.   Decided January 15, 1913.

#### Rehearing denied February 5, 1913.

**1.—Murder—Charge of Court—Justifiable Homicide.**

Where, upon trial of murder, the evidence was not of sufficient force to raise the issue that defendant killed deceased because he was about to engage in adulterous intercourse with defendant's wife, there was no error in the court's failure to charge on the issue of justifiable homicide under Article 1102, Penal Code, the court charging on manslaughter on this phase of the testimony.

**2.—Same—Argument of Counsel.**

Where the remarks of State's counsel were legitimate deductions from the evidence, there was no error.

**3.—Same—Conduct of Counsel.**

While the conduct of the county attorney in the cross-examination of defendant's witness was highly improper, but the same could not have injured defendant, there was no error.

**4.—Same—Charge of Court—Self-defense—Threats.**

Where, upon trial of murder and a conviction of manslaughter, the court fairly presented all the issues made by the evidence, both on self-defense, threats and manslaughter, and the evidence showed a determined effort on the part of defendant to kill deceased because the latter had been intimate with defendant's wife, there was no error.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Clyde F. Winn,* for appellant.—On question of court's refusal to charge on justifiable homicide: Morrison v. State, 47 S. W. Rep., 369; Gregory v. State, 50 Texas Crim. Rep., 73, 94 S. W. Rep., 1041;

Giles v. State, 67 S. W. Rep., 411; Price v. State, 18 Texas Crim. Rep., 474.

On question of court's charge on self-defense and threats: Gaines v. State, 53 S. W. Rep., 623; Sebastian v. State, 57 S. W. Rep., 820; Watson v. State, 50 Texas Crim. Rep., 171, 95 S. W. Rep., 115; Pratt v. State, 50 Texas Crim. Rep., 227, 96 S. W. Rep., 8; Mitchell v. State, 50 Texas Crim. Rep., 180, 96 id, 43; Cline v. State, 71 S. W. Rep., 23; Fisher v. State, 50 Texas Crim. Rep., 471, 98 S. W. Rep., 852; Hightower v. State, 56 Texas Crim. Rep., 248, 119 S. W. Rep., 691; Sims v. State, 9 Texas Crim. App., 586; Darnell v. State, 58 Texas Crim. Rep., 585, 126 S. W. Rep., 1122; Lewis v. State, 58 Texas Crim. Rep., 351, 126 S. W. Rep., 1137.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with murder, and when tried was convicted of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

Appellant, in bill of exceptions No. 1, complains that the court did not give in charge the provisions of Article 1102, that "homicide is justifiable when committed by the husband upon the person of anyone taken in adultery with the wife; provided, that the killing take place before the parties to the act of adultery have separated." The evidence of defendant is not of that force and cogency as to raise this issue—that he killed deceased because the acts and conduct of his wife and deceased were such that they were then and there about to engage in the act of adulterous intercourse. The court instructed the jury on manslaughter on this phase of the testimony, and as the jury found appellant guilty of manslaughter only, assessing the lowest penalty, if the charge was not as full and specific as the charge requested by appellant, yet as the verdict was the lowest authorized by law, this would present no reversible error.

There was no error in refusing to give the special charge requested in regard to the argument of the county attorney, to which a bill of exceptions was reserved. Such remarks were but legitimate deductions offered in behalf of the State.

It was highly improper for the county attorney to state to the witness who testified in behalf of the defendant, while cross-examining him, "Don't you know you lied when you said he told you that?" It is never proper for counsel to call a witness a liar during the trial of a case, and if by any legitimate construction we could see wherein in this instance this worked an injury to defendant, we would feel inclined to reverse the case. But as this witness was testifying to facts which would tend to reduce the offense to manslaughter, and defendant was adjudged guilty of this offense only, and given the lowest penalty, injury is not only not apparent but precluded by the verdict.

On the issue of self-defense, the court instructed the jury:

"Upon the law of self-defense the jury is instructed that when a person is unlawfully attacked by another in such manner that there is created in the mind of the person so attacked a reasonable expectation or fear of death or of serious bodily injury, then the law excuses or justifies such person in resorting to any means at his command to prevent his assailant from taking his life or from inflicting upon him any serious bodily injury; and it is not necessary that there should be actual danger, as a person has a right to defend his life and person from apparent danger as fully and to the same extent as he would had the danger been real, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time; and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant.

"If you believe that at the time defendant shot deceased (if he did), that deceased had made or was making an attack upon him with a knife, in such manner that it reasonably appeared to defendant viewed from his standpoint that he was in danger of losing his life or suffering serious bodily injury at the hands of the deceased, and he fired the shot under such circumstances, he would be justified in so doing under the law of self-defense; and if he commenced the assault upon deceased in his own self-defense, then you are instructed that he had the right to continue to act and use any means at his command as long as it reasonably appeared to him, as viewed from his standpoint, at the time, with all the facts and circumstances in his knowledge, that his life or person was in danger; and if you believe that after shooting deceased (if he did) that defendant secured deceased's knife and stabbed him with it, thereby inflicting the mortal wound, and that at the time he did do it reasonably appeared to him, as viewed from his standpoint at the time, that he was in danger of losing his life or suffering serious bodily injury at the hands of deceased, then he would be justified under the law of self-defense, whether he was actually in danger or not provided he acted upon a reasonable apprehension of danger as it appeared to him, and if you so find the facts to be, or if you have reasonable doubt thereof you will acquit the defendant.

"When a defendant accused of murder seeks to justify himself on the ground of threats against his own life, he is permitted to introduce evidence of the threats made, but the same shall not be regarded as affording a justification for the killing, unless it be shown that at the time thereof the person killed, by some act then done, manifested an intention to execute the threat so made.

"If you believe that deceased had made in defendant's presence threats to take his life, and if you further believe that at the time defendant killed deceased, that the deceased did or was doing some act which, from defendant's standpoint, appeared to him to indicate

or manifest an intention on the part of the deceased to carry such threat into execution, and that defendant then killed deceased, you will acquit defendant on the ground of threats against his own life.

"If you believe that deceased attacked defendant with a knife in such manner as was reasonably calculated to produce death or serious bodily injury, then the law presumes, and you will presume, that deceased intended to kill or seriously injure the defendant."

This was a sufficient presentation of self-defense under the evidence in this case. There were no threats of deceased communicated to defendant. The only threats that defendant could have had in mind were those he says made to him in person by deceased, and those threats, if made, were fully covered by the court's charge. The criticism of the court's charge on presumption from the use of a weapon is not justified. As shown by the above excerpt, this was presented in accordance with the testimony, the defendant claiming deceased advanced on him with a knife.

The court fairly presented all the issues made by the evidence, and as the only issue found adversely to defendant was his plea of self-defense, and this being presented fairly as shown above, we are of the opinion the case should be affirmed. The manner of the death of deceased shows a fixed and determined effort to. kill, and the matter that reduced the offense to manslaughter was that deceased had been intimate with defendant's wife.

The judgment is affirmed.                              *Affirmed.*

[Rehearing denied February 5, 1913.—Reporter.]