LEO CHEESEBOURGE v. THE STATE.

No. 2209.  Decided February 19, 1913.

Rehearing denied June 4, 1913.

**1.—Forgery—Transcript—Ex Parte Paper.**

A paper which is attached to the front page of the transcript, but not embodied in or made a part thereof and not certified to nor verified in any way, can not be considered on appeal.  Following Carroll v. State, 24 Texas Crim. App., 313.

**2.—Same—Negotiable Instrument—Indictment.**

Where the instrument on its face is a negotiable instrument and importing a pecuniary condition, it is not necessary for the indictment to contain any explanatory averments.  Following Reeves v. State, 51 Texas Crim. Rep., 604.

**3.—Same—Evidence—Practice in District Court.**

Where the evidence was admissible on the count of the indictment which charged forgery, and the second count charging the passing of a forged instrument was not submitted to the jury, there was no error.

**4.—Same—Evidence—Bill of Exceptions—Variance.**

Where the bill of exceptions did not refer to the alleged variance between the instrument offered in evidence and that alleged in the indictment, the same could not be considered on appeal; besides, the statement of facts showed that there was no variance.

**5.—Same—Evidence—Entries in Books.**

Upon trial of forgery, there was no error in admitting testimony as to the entries made in an express company's book by the direction of the witness, it being shown that the book was correctly kept; besides, these facts were testified to by the witness making the entries.

**6.—Same—Evidence—Handwriting.**

Upon trial of forgery, there was no error in admitting testimony showing that shipments of liquor were received by defendant who signed for same in an express company's book, and, also, the introduction of such books.

**7.—Same—Evidence—Bill of Exceptions—Money Order.**

Where, upon trial of forgery, the record did not show on appeal that the alleged forged money order offered in evidence was not a copy of the one set out in the indictment or pointed out by the variance, there was no error.

### 8.—Same—Evidence—Bill of Exceptions—Signature.

Where defendant objected to the testimony that the alleged maker of the forged money order did not sign the same because there was a variance between the proof and the pleading, but said order was not copied in the bill of exceptions nor the variance pointed out therein, the same could not be considered on appeal.

### 9.—Same—Evidence—Expert—Comparison of Handwriting.

Where, upon trial of forgery of an express money order, the State was permitted to introduce testimony by an expert as to comparison of handwriting between the signature on said order and the proven signature of defendant, there was no error; besides, the bill of exceptions did not point out the error as to the alleged variance between the money order introduced in evidence and that alleged in the indictment. Following Quintana v. State, 29 Texas Crim. App., 401, and other cases.

### 10.—Same—Bad Writing—Spelling—Charge of Court—Variance.

Bad writing and bad spelling will not vitiate an instrument, and where appellant did not show in his bill of exceptions in what the variance consisted between the words and figures used in the instrument introduced in evidence and the one alleged in the indictment, there was no error, although the alleged instrument was badly written, but could, nevertheless, be deciphered, and there was no error in the court's failure to charge thereon.

### 11.—Same—Charge of Court—Circumstantial Evidence.

Where, upon trial of forgery, the court properly charged on circumstantial evidence, and that the alleged forged instrument must have been wilfully made without the knowledge and consent of the person whose name was forged, there was no error.

### 12.—Same—Original Instrument—Bill of Exception.

Where, upon rehearing in this court, the clerk of the court below certified that the money order attached to the transcript is the one introduced in evidence, the same will be considered, but as the bill of exceptions objecting to its introduction is defective, no reversible error is presented.

Appeal from the District Court of Rusk. Tried below before the Hon. C. L. Brachfield.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

*Futch & Tipps,* for appellant.—On question of insufficiency of the indictment: Joiner v. State, 87 S. W. Rep., 1039; Black v. State, 61 S. W. Rep., 478; Scott v. State, 48 S. W. Rep., 523; Simms v. State, 32 Texas Crim. Rep., 277; Tracy v. State, 49 Texas Crim. Rep., 37, 90 S. W. Rep., 308; Carder v. State, 35 Texas Crim. Rep., 105; King v. State, 42 id., 108; Shannon v. State, 10 N. E. Rep., 87; Hobbs v. State, 75 Ala., 1.

On question of court's failure to charge on variance of instrument: Tankersley v. State, 51 Texas Crim. Rep., 224, 101 S. W. Rep., 997; Stapleton v. State, 56 Texas Crim. Rep., 422, 120 S. W. Rep., 866; Duke v. State, 56 Texas Crim. Rep., 502, 120 S. W. Rep., 894.

On question of proof of the alleged instrument: Fischl v. State, 54 Texas Crim. Rep., 55, 111 S. W. Rep., 410; Baker v. State, 14 Texas, 607; Edgerton v. State, 70 S. W. Rep., 90.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case appellant was prosecuted and convicted of the offense of forgery, and his punishment assessed at two years confinement in the State penitentiary.

As appellant's brief is apparently based almost wholly on the theory that we will consider a paper which is attached to the front page of the transcript, but not embodied in nor made a part thereof, and we will state the grounds upon which we can not consider this paper for any purpose. It may be, as contended in the brief, that it is the original money order introduced in evidence, but if so, it is not certified to nor verified in the way the law requires to entitle such paper to be considered by us. In the case of Carroll v. State, 24 Texas Crim. App., 313, this court said: "We find attached to the transcript what purports to be the original indictment in the case, upon which is endorsed in pencil writing what purports to be a verdict, and, if authorized to do so, we might presume that said paper is the original indictment and verdict in the case, ordered by the trial court to be sent to this court. But said paper is not certified to by the clerk, is in no manner identified as the original indictment and verdict herein. We are not authorized to consider said paper as a part of the record before us, it being in no way authenticated." So in this case, the paper being in no way authenticated, it can not be considered for any purpose. See also Malton v. State, 29 Texas Crim. App., 527; Rodgers v. State, 28 S. W. Rep., 948; Brewer v. State, 32 Texas Crim. Rep., 74; Kennedy v. State, 33 Texas Crim. Rep., 183.

The indictment contains two counts, the first charging forgery, and the second passing a forged instrument. The first count is drawn in exact terms of the form set out in White's Ann. Penal Code, section 882, and which has been frequently approved by this court. (See authorities cited in White's Code under article 530.) The instrument on its face being a negotiable instrument, and importing a pecuniary obligation, it was unnecessary for the indictment to contain any explanatory averments. Where an instrument is an ordinary commercial instrument, importing an obligation on its face, no extrinsic averments are necessary. Reeseman v. State, 59 Texas Crim. Rep., 430, 128 S. W. Rep., 1126; Reeves v. State, 51 Texas Crim. Rep., 604.

As to the second count, this was not submitted to the jury, consequently it need not be considered. However, appellant insists that as the court did not quash the second count when he made this motion but waited until the evidence was closed, this was injurious to him. If any evidence had been admitted not admissible on the count charging forgery, this might present cause for complaint, but as the evidence introduced would be admissible on the count charging forgery, no error is presented.

There are a number of bills of exception reserved to the testimony of J. I. Heard, among which is: First, that he was permitted to testify that it was not his signature to the money order introduced in evidence

and shown him, which was objected to on the ground that the "verbiage of the money order does not correspond with that charged in the bill of indictment." The only evidence of any money order offered in evidence is that copied in the statement of facts, and that corresponds with the money order alleged in the indictment, consequently if we turn to the statement of facts, we hold that the objection is not well taken. But the bill is insufficient if, as contended, the "verbiage did not correspond," the bill should have referred to the variance and named wherein the variance existed. This it does not do. It was entirely permissible for this witness to testify that the entries in the express book were made by J. O. Edge. He was the agent; Edge was working under him, and he knew his handwriting. It was also permissible for this witness to testify that this book was correctly kept. While the entries were made by Edge, yet it was done under witness' direction and under his instruction. But if not permissible for him to so testify, J. O. Edge, the person who made the entries, also testified, and testified to the same facts, and the error, if error it be, would be harmless. Taking into consideration the testimony of Heard, Edge, and Howard, all the testimony in regard to a shipment of liquor being received at Overton, Texas, from W. E. Hale, addressed to appellant, and that he signed for and received same, was properly admitted in evidence, as was also the books of the express company containing this entry.

Appellant's bill of exceptions No. 8 reads as follows: "Be it remembered that upon the trial of the above styled and numbered cause that while the witness, J. I. Heard, was testifying for the State, the State, through its attorney, offered in evidence express money order, series R, number 634834, which said testimony was at the time objected to by the defendant because the money order offered in evidence was not a copy of the one set out in the bill of indictment, and that the allegations set out in the bill of indictment and that offered in evidence does not correspond, it is written in the order offered in evidence and is charged that it was five in the bill of indictment. Court overruled the objection of defendant, to which action of the court the defendant then and there reserved his bill of exceptions and here now tenders same and asks that it be ordered filed and made a part of the record in this case." It is thus seen the bill does not disclose that the money order offered in evidence is not a copy of the one set out in the indictment, nor, if there is a variance, in what respect the order offered in evidence varied from the one set out in the indictment. While not authorized to do so, yet if we go to the statement of facts, the money order copied in the statement of facts and that copied in the indictment are identical. Bills of exception of this character are too incomplete to present any question.

Again, in bill No. 9 it is complained that J. O. Edge was permitted to testify that he did not sign the money order offered in evidence, and that it was J. I. Heard's signature to the order, on the ground that there is a variance between the order offered in evidence and the one copied in

the indictment, but the order is not copied in the bill, nor is it stated in what the variance, if any, consisted.

In the next bill it is complained that Mr. Crim was permitted to testify, by comparison with the proven signature of appellant and the name Jim Green written in the money order, that in his opinion both were written by the same person. This witness qualified as an expert, as shown by the evidence, and again it is not shown wherein the money order offered in evidence varied from the one in the indictment, if there was a variance. Virtually all these objections were based on the fact that there was a variance in the money order offered in evidence and the one set out in the indictment, but in none of the bills is the instrument offered in evidence copied, nor its contents stated, nor a suggestion made as to the respect, if any, it varied, and, as before stated, the only place that the instrument offered in evidence is copied in the record is in the statement of facts, and if we go to the statement of facts, the one that is there copied, stated to be the one offered in evidence, is an exact copy of the instrument alleged in the indictment. None of the bills point out the error in admitting the money order in evidence, if any there be. The bare statement that a variance existed, without stating wherein there was a variance, presents no question for review. (Quintana v. State, 29 Texas Crim. App., 401; Davis v. State, 14 Texas Crim. App., 645; Eldridge v. State, 12 Texas Crim. App., 208; McGlasson v. State, 38 Texas Crim. Rep., 351; Thompson v. State, 29 Texas Crim. App., 208; Livar v. State, 26 Texas Crim. App., 115.)

The only bill which in any way attempts to state the contents of the money order is bill No. 13, in which it is alleged that the defendant in his motion for a new trial asked "the court to set aside the verdict rendered and the judgment entered herein because, from the reading, tenor and effect of the instrument offered in evidence, and which was alleged to have been forged, it states upon its fact that, 'any erasure, alteration, defacement or mutilation of this order renders it void,' and that all the evidence offered by the State's witnesses and by the defendant's witnesses questioned on this subject stated that they could not determine what the written word, charged in the bill of indictment to be five, was on the face of the express money order, and E. F. Crim (the expert witness for the State) testified that the writing was so mutilated and smeared that he could not determine what was intended by it, and the court erred in failing to charge the jury that if they believed from the evidence that the instrument offered was so mutilated that they could not determine what was intended by the writing, and that such erasure, defacement and mutilation rendered the instrument void according to its reading, tenor and effect, then and in that event they should find the defendant not guilty." As before stated, all the evidence we have before us is the money order copied in the statement of facts, and there it is stated the word was written "five" as well as $5 in figures. We find the bank cashed it for him for five dollars, and the only evidence is that of Mr. Crim and some others that the written word that is alleged to be

"five" is so badly written that they can not determine by looking at it alone what it is, but just before this word is written plainly the figures: Dollars 5——— cents, and if the only thing the matter with the money order is a badly written word which, from the remainder of the instrument it is clearly determinable what the badly written word really is, this would present no variance and call for no charge in regard thereto. Bad writing and bad spelling will never vitiate an instrument. Hennessey v. State, 23 Texas Crim. App., 340, and cases cited in sections 900 and 901, Branch's Crim. Law, where it is said that bad or awkward writing will not vitiate an otherwise good complaint or indictment. In this bill, and in no other bill, is it stated by appellant what he thinks the written word really was, if it was not five. If in fact the word was not five, and could not have been so read, then a variance would be presented, but if it was so written that, taking the whole context and the figures used, it was apparent that it was intended to be written "five" and could be read that way, then there was no error and the court did not err in failing to charge thereon. Appellant asked no charge in regard to the matter, and, as before stated, in none of his bills does he state what he contends the word really is. His contention by the bills, it seems, is that it was badly written, and some of the witnesses so testify, and that is all this record discloses.

The complaint in the motion for new trial that the court failed to charge on circumstantial evidence is not justified by the record before us. In the charge of the court is a charge on circumstantial evidence couched in language frequently approved by this court. The only other complaint of the charge is likewise without merit. It could not have been injurious to defendant, as the court fully instructs the jury that the instrument must have been made wilfully by defendant, without the knowledge or consent of J. I. Heard, agent of the express company, or they would acquit defendant, and the criticism is hypercritical.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 4, 1913.

HARPER, JUDGE.—Since writing the original opinion herein appellant has had the clerk to certify that the money order attached to the statement of facts is the money order introduced in evidence, and under such circumstances we suppose that we should consider it as the original money order. But as the bill objecting to its introduction is not so drawn as to call our attention to the matter which is now sought to be complained of, nor drawn in a way to present any matter for consideration, we are of the opinion that there was no error in admitting the money order in evidence over the objections offered by appellant as shown by the bill of exceptions. It is only such objections as are made in the trial of the case that can be considered by this court on appeal; and if there was a variance between the money order offered in evidence

and the one alleged in the indictment, appellant in his bill should have shown the variance and should have shown he made this objection in the trial of the case.

Motion for rehearing is overruled.

*Overruled.*