## W. A. Lamb-Campbell v. The State.

### No. 2819.    Decided December 3, 1913.

Rehearing denied January 28, 1914.

**1.—Forgery—Indictment—Receipt—Extrinsic Averment.**

A receipt from the treasurer of a life insurance company is such an instrument upon which a prosecution for forgery may be based, without extrinsic averments that such company is a corporation or individual or that it had authority to issue such receipt for money paid, and there was no error in overruling a motion in arrest of judgment.

**2.—Same—Sufficiency of Indictment—Receipt—Legal Obligation.**

Where, upon trial of forgery of a receipt of a life insurance company, the same was set out in the indictment, it was not necessary to show by extrinsic averments how and in what manner it might become possessed of capacity to defraud, outside of the receipt itself, the same creating a legal obligation on its face. Following Fonville v. State, 17 Texas Crim. App., 368.

Appeal from the District Court of Galveston. Tried below before the Hon. Robt. G. Street.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. F. Kelly*, for appellant.—On question of insufficiency of indictment: Black v. State, 61 S. W. Rep., 478; Belden v. State, 50 Texas Crim. Rep., 565, 99 S. W. Rep., 563; Joiner v. State, 80 S. W. Rep., 531; Beasley v. State, 47 S. W. Rep., 991.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of forgery.

The record contains neither a statement of facts, nor any bills of exception, but a motion in arrest of judgment was filed vigorously attacking the indictment, and an able brief has been filed, presenting this ground alone for review. Omitting the formal parts the indictment reads: That appellant "without lawful authority and with intent to injure and defraud, did wilfully and fraudulently make a false instrument in writing purporting to be the act of another, to-wit: the act of H. W. St. John, Treasurer of the Aetna Life Insurance Company, of Hartford, Connecticut, which false instrument is to the tenor following:

### THE AETNA LIFE INSURANCE COMPANY

Of Hartford, Connecticut Office

$1180.                                     January 21, 1913.

Received from John Johnston, Agent, the sum of Eleven Hundred and

Eighty Dollars being one Annual Premium, on Policy No. 1,570,851 for Rev. W. A. Lamb-Campbell, Ins'd.

Next Premium Due January 21, 1914.

H. W. St. John,
Treasurer & C.

said instrument in writing containing impressed upon it the purported seal of the Aetna Life Insurance Co., of tenor following:

## AETNA LIFE INSURANCE CO. H. C.

against the peace and dignity of the State."

The contention is that this receipt is not such an instrument upon with forgery can be based, without extrinsic averments; that there is no allegation showing whether the Aetna Life Insurance Company is a company, corporation or individual; that there is no averment showing the connection of H. W. St. John with the Life Insurance Company; or that he had authority to execute such an instrument. It was not necessary to allege whether or not the Life Insurance Company was a corporation. Reeseman v. State, 59 Texas Crim. Rep., 430, 128 S. W. Rep., 1126; Webb v. State, 39 Texas Crim. Rep., 534; Usher v. State, 47 Texas Crim. Rep., 93, and other cases cited in Branch's Crim. Law, sec. 379. The indictment does allege that H. W. St. John was treasurer of the Aetna Life Insurance Company in specific terms, and it was not necessary to allege that he had authority to issue receipts for money paid. This duty necessarily follows the holding of the office of treasurer, and when the treasurer's name is signed to a receipt there arises a legal obligation on him to have the money forthcoming when demanded by the corporation. If this instrument was a genuine valid instrument it would create a liability on the part of Mr. St. John to his principal, and under such circumstances we think it the subject of forgery without further allegations than are contained in the indictment. The court did not err in overruling the motion in arrest of judgment.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### January 28, 1914.

HARPER, JUDGE.—Appellant in his motion for a rehearing earnestly insists, that while the instrument in this case under proper averments would be the subject of forgery, yet, that it is "an ordinarily receipt," as he terms it, there must be extrinsic averments showing how and in what manner it might become possessed of capacity to defraud, outside of the receipt itself. This is only true in those instances where the instrument does not on its face show that it would create a pecuniary obligation. In this case, the instrument, if true on its face, would create a legal obligation on H. W. St. John to pay The Aetna Life Insurance

Company the sum of $1180. Suit could be instituted on it, and if shown to be true, on it and it alone the company could recover judgment against Mr. St. John, and under such circumstances no other averments than those contained in the indictment were necessary. If he received the money as treasurer of the company named as an annual premium on policy issued to appellant, he would be liable to the company for the money. Fonville v. State, 17 Texas Crim. App., 368. The cases cited by appellant state no other or different rule, as they were rendered in cases where the liability did not appear as a matter of law on the face of the instrument, but if any of them should seemingly do so, then on that point they are overruled.

The motion for rehearing is overruled.

*Overruled.*