ADELBERT D. YOUNG v. THE STATE.

No. 5149.   Decided October 30, 1918.

**Forgery—Indictment—Instrument—Extrinsic Averments.**

Where, upon trial of forgery, the prosecution was based upon a telegram, which upon its face, if it had been true, did not show that it would have been a subject of forgery, etc., it was necessary to make the proper extrinsic averments to bring it within the requirement of the statutes and the rules of pleading.

Appeal from the District Court of Bexar.   Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of forgery; penalty, seven years imprison-ment in the penitentiary.

The opinion states the case.

*Haltom & Hair,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for forgery.   There is no statement of facts and no bill of exceptions.   The only question raised which can be considered is the sufficiency of the indictment.

Evidently this indictment was preferred under article 924, P. C., which is: "He is guilty of forgery who, without. lawful authority, and with intent to injure or defraud, shall make a false instrument in writing, purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever."

There are other statutes defining what is forgery, which are unneces-

sary to now mention because none of them are applicable to this indictment.

The formal allegations in the indictment herein as to the grand jury, court, etc., follows the law and precedents in that regard. The charging part of the indictment is this: that the appellant, "without lawful authority and with intent to injure and defraud, did unlawfully and fraudulently make a certain false instrument in writing purporting to be the act of another, towit: the act of one J. E. Landon, which said false instrument in writing was then and there of the tenor following, · towit:" Then the telegram, the alleged forged instrument, is copied. It was evidently on the form used by the telegraph company for all persons telegraphing to write theirs upon, and after the message itself other printed matter usually on said forms. This printed heading and ending we omit because unnecessary. The alleged forged telegram itself is dated June 28, 1917, and is this:

"John Friedman, 816 St. Charles Street, Brownsville, Tex.
  Send jewelry here.   304 Main Ave.
                        (Signed)      J. E. Landon."

And the indictment immediately following the copying of this telegram concludes "against the peace and dignity of the State."

No innuendo or extrinsic averments whatever were made. Appellant made a motion to quash the indictment on these grounds: 1. That it fails to charge any violation of the laws of the State. 2. It does not appear therefrom that if the said purported forged instrument if true would have created, increased, diminished, discharged or defeated any pecuniary obligation or would have transferred, or in any manner have affected any property whatever. 3. The purported forged instrument can not with or without innuendo and explanation be the basis of an indictment for forgery. 4. It pleads its evidence in that it attempts to set out the purported forged instrument according to its tenor when the original instrument itself is inserted.

· In 2 Branch's Ann. P. C., section 1389, this correct proposition is laid down: "If the instrument in writing alleged to be forged is such on its face as, if true, it creates or increases a pecuniary obligation such as a check, draft, note or other ordinary commercial instrument and will afford the basis of a civil action without resorting to extrinsic testimony, then a charge of forgery can be based thereon without any extrinsic averments." To this quotation from Mr. Branch we add,— as covered by the last of said article 924 this: If the said instrument would have transferred or in any manner affected any property on its face without resorting to any extrinsic testimony, then a charge could be based thereon without any extrinsic averments.

The telegram in this case does not come within either of the rules just stated.

In the same section Mr. Branch lays down another rule in another

paragraph, as follows: "If the instrument in writing alleged to be forged is not an ordinary commercial instrument, the indictment should explain by proper averments the connection the different parties had with the instrument and explain the meaning of all doubtful terms."

And in still another paragraph he says: "If the instrument in writing alleged to be forged is not one of the ordinary instruments used in commercial transactions, but is contractual in form and depends on extrinsic facts to create or defeat a liability such extrinsic facts should be alleged in the indictment."

Under these rules stated by Mr. Branch he cites many cases decided by this court sustaining his text.

We can not tell from said telegram without extrinsic averments how it comes within our forgery statute. On its face, if it had been true, it can not be told how it would have created, increased, diminished, discharged or defeated any pecuniary obligation; nor that it would afford the basis of any civil action; nor that it would have transferred or in any manner have affected any property, without resorting to extrinsic allegation and testimony. If there were any facts which would meet the requirements of the statute and the rules stated then it was necessary for the pleader to allege them, and without them the indictment is fatally defective.

Therefore the judgment must be reversed and the cause dismissed, which is ordered.

*Reversed and dismissed.*