### CHARLEY MARTIN v. THE STATE.

#### No. 5297   Decided March 19, 1919.

**1.—Forgery—Statement of Fact—Practice on Appeal.**

Where upon appeal from a conviction of forgery, the original statement of facts did not accompany the record, the same cannot be considered. Following Morris v. State, 63 Texas Crim. Rep., 375, and other cases.

**2.—Same—Indictment—Receipt—Explanatory Averments—Rule Stated.**

It is the general rule that an indictment for forgery which sets out a written instrument which on its face would have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred or in any manner affected any property whatever, requires no explanatory averments. Following Hendricks v. State, 26 Texas Crim. Rep., 176.

**3.—Same—Pleading—Written Instrument—Receipt.**

Where the instrument in question appeared to be more than a receipt for money and was such upon which a civil suit could have been based, it was one upon which forgery could be declared without explanatory averments. Following Fonville v. State, 17 Texas Crim. App., 381.

**4.—Same—Indictment—Words and Phrases—Practice.**

The failure to embrace in the indictment averments explaining the words "In Bank of Groveton," would not render the same subject to quashal on motion, as the matter could be reached by exception to the evidence in case of variance.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey, judge.

Appeal from a conviction of forgery; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Roberson & Cogdell,* for appellant.—On question of insufficiency of the indictment: Beasley v. State, 39 Texas Crim. Rep., 688, 47 S. W. Rep., 991; Chester v. State, 5 id., 125; Womble v. State, 44 id., 827; Cagle v. State, 44 id., 1097; Colter v. State, 49 id., 379; Wilson v. State, 75 id., 504; Rubio v. State, 95 id., 120; Belden v. State, 99 id., 563.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited cases in the opinion.

MORROW, Judge.—The conviction is for forgery. The original statement of facts does not accompany the record as required by artilce 844, C. C. P., and the motion of the Assistant Attorney General that it be disregarded must be sustained. Morris v. State, 63 Texas Crim. Rep., 375; Salins v. State, 142 S. W. Rep., 908.

The instrument declared on is as follows: "Fort Worth, Texas, May 4, 1918. Received of the Fort Worth National Bank $100 for account of I. N. Bank, Groveton" signed R. B. Buffington. The overruling of the motion to quash the indictment and the motion in arrest of judgment is complained of upon the ground that the instrument is not one that may be declared on in a forgery indictment without explanatory averments. It is the general rule that an indictment for forgery which sets out a written instrument which on its face would have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever, requires no explanatory averments. Hendircks v. State, 26 Texas Crim. App., 176; Branch's An. P. C., p. 851, sect. 1398. There are decisions somewhat conflicting, touching the question as to whether a receipt for money comes within this class of instruments or not. See Fonville v. State, 17 Texas Crim. App., 381; Black v. State, 42 Texas Crim. Rep., 585. The first of these decisions appears to affirm and the latter deny that a receipt for money is an instrument that may be declared on in a forgery indictment without explanatory averments. The instrument in question appears to be more than a receipt for money. Its purport is to show that Buffington had received $100 from the Fort Worth National Bank, and that he had received it for account of the bank at Groveton. We are unable to reach the conclusion that the instrument was not such as would come within the terms of the statute, article 924 P. C. It imports an obligation on the part of Buffington to the I N Bank at Groveton for the $100 received for its account and would form the basis of a civil suit by that bank against him. In a suit by Buffington against the I N Bank for $100 it would defeat his claim. So the $100 paid, as shown by the receipt, would have diminished the obligation of the Fort Worth National Bank to the bank at Groveton. Likewise it would have shown a transfer of money from the Ft. Worth National Bank to the bank at Groveton, thus creating or increasing the obligation of the latter.

Judge Hurt in reasoning on the subject in Fonville v. State, 17 Texas Crim. Rep., 382 says: "Let us suppose that Hamby has ascertained that appellant had only paid Middleton $1.35 instead of the $1.75, and had instituted suit for the 40 cents, will it be contended that if Middleton's receipt was absolutely true, Hamby's

suit would not be defeated?  Appellant only having paid Middle-
ton $1.35, and receiving $1.75 from Hamby he was by this trans-
action placed, in conscience and law, under a pecuniary obligation
to Hamby, to the amount of forty cents.  And for this amount,
though small indeed, Hamby had a right of action against appel-
lant.  Now suppose suit instituted; upon the trial, if indeed he had
paid Middleton, as is stated in the receipt, $1.75, certainly the
pecuniary obligation of him to Hamby would have been defeated.''

Many courts and text-writers designate a receipt for money as
one of the instruments which may be subject of indictment for
forgery without averments explaining it.  Wharton's Crim. Law,
sect. 887; People v. Munroe, 24 L. R. A., p. 33, and note; Cyc. vol.
19, p. 1384.

Finding no errors the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March, 1919.

MORROW, JUDGE.—The failure to embrace in the indictment
averments explaining the words, ''I N Bank of Groveton'' would
not render the indictment subject to quashal on motion.  If on a
trial of the case there was an effort to show that the words meant
anything other than that which they imported, viz, that the name
of the bank intended was the I. N. Bank of Groveton, a variance
would have been disclosed between the allegation and proof. avail-
able on objection to the evidence. Beasley v. State, 39 Texas Crim.
Rep., 688, 47 S. W. Rep., 991.

The motion for rehearing is overruled.

*Overruled.*