# JUNE 25, 1937

### S. CHIMENE V. THE STATE.

No. 18877.   Delivered April 14, 1937.
Rehearing Denied June 25, 1937.

The opinion states the case.

*Kahn & Branch,* of Houston, for appellant.

*Nelson Jones,* Assistant District Attorney, of Conroe, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of forgery, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the court erred in declining to sustain his motion to quash the indictment on the ground that the alleged forged instrument is ambigious without any explanatory averments. The instrument which is the subject of the alleged forgery reads as follows:

"SOUTHERN UNION CASUALTY COMPANY
"$24.00                                           Date 12-21-1935.
"RECEIVED OF Stash Novark of Willis, Texas, $24.00 upon this application to Southern Union Casualty Company, Houston, Texas, which amount I agree to refund in the event said application is rejected.

"Please notify the office if policy is not received within ten days. Policy is not valid until delivered while insured is alive and in sound health.

"Paid to Jan. 26-1937.

"S. M. Taylor, Solicitor."

Art. 979, P. C., 1925, provides as follows:

"He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever."

Art. 990, P. C., 1925, provides as follows:

"By an instrument which would 'have transferred or in any manner have affected' property, is meant every species of conveyance, or undertaking in writing, which supposes a right in the person purporting to execute it, to dispose of or change the character of property of every kind, and which can have such effect when genuine."

If the instrument hereinabove set out was a true and genuine instrument, it would create a liability on S. M. Taylor to the Southern Union Casualty Company and discharge an obligation of Stash Novark for premiums due by him to said company on his policy of insurance. The alleged forged instrument is a receipt for money and such as is ordinarily used in commercial transactions, and, therefore, valid on its face and requires no explanatory averments. In the case of Martin v. State, 209 S. W., 668, this court held that the indictment setting out in haec verba the following receipt did not require any explanatory averments:

"Fort Worth, Texas, May 4, 1918. Received of the Fort

Worth National Bank $100.00 for account of I. N. Bank, Groveton.

"(Signed)  R. B. Buffington."

"In that case the court said:

"It (meaning the receipt) imports an obligation on the part of Buffington to the I. N. Bank at Groveton for the $100 received for its account, and would form the basis of a civil suit by that bank against him. In a suit by Buffington against the I. N. Bank for $100 it would defeat his claim. So the $100 paid, as shown by the receipt, would have diminished the obligation of the Fort Worth National Bank to the bank at Groveton." Hence this court held in the case of Martin v. State, supra, that the receipt above set out came within the general rule that no explanatory averments are necessary where the instrument would have on its face created, increased, dimnished, discharged, or defeated any pecuniary obligation.

In the case of Lamb-Campbell v. State, 162 S. W., 879, the indictment set out the alleged forged receipt in haec verba without any explanatory averments. This court held expressly that such an instrument was sufficient. In that case appellant in his motion for a rehearing insisted that the instrument in said case under proper averments would be the subject of forgery, yet that it is an ordinary receipt, and, therefore, required extrinsic averments showing how and in what manner it might have become possessed of capacity to defraud outside of the receipt itself. The court held in that case that this was true in those instances where the instrument does not on its face show that it would create a pecuniary obligation. In the instant case the instrument, if true, would create a legal obligation on S. M. Taylor to pay to the Southern Union Casualty Company the sum of twenty-four dollars for which, if true, the company could recover judgment against S. M. Taylor. Therefore under the holding of this court in the case of Lamb-Campbell v. State, supra, no other averments than those contained in the indictment were necessary. There seems to be no ambiguity on the face of the receipt set out in the indictment in the instant case. The word "solicitor" appearing under the name of S. M. Taylor upon the face of the receipt must be given the meaning which it was intended to convey by construing the instrument as a whole.

Art. 8, P. C., provides:

"Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word,

term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

It is apparent from the face of the instrument that by the word "solicitor" appellant intended to convey and did convey the idea that he was an agent for the Southern Union Casualty Company and it is our duty to construe the word in the sense in which it was used and to give it the application as intended by the appellant. Therefore, the trial court did not err in overruling the appellant's motion to quash and his motion in arrest of judgment.

By bill of exception number three appellant complains of the action of the trial court in overruling his motion for an instructed verdict on the ground of variance between the allegations in the indictment and the proof adduced upon the trial of the case. He asserts in his bill of exception that the indictment sets out in haec verba a receipt for money received upon an application for a policy, whereas the proof shows that appellant collected the money from Novark as the premium on a policy already in existence. The receipt offered in evidence corresponded exactly with the receipt set out in the indictment; as to wording, contents, and signature. Hence the proof corresponded in every respect with the allegations in the indictment, and there was no variance.

Appellant next contends that the testimony does not show that he collected any money from Novark upon any application for a policy, but that in truth and in fact, he obtained a check from Novark in payment of a premium upon a policy which had theretofore been issued to Novark. It occurs to us that even if such an inconsistency exists, the same cannot enure to the benefit of the appellant because the gist of the offense in this case is the forging of the name upon a receipt by the appellant and not the nature and subject of the conversation between appellant and Novark. If this case was a case of swindling, appellant's contention might show some merit. But there seems to be no authority for the proposition that the instrument alleged to be forged must contain correct statements as to the nature of the transaction between the parties. See Adkins v. State, 56 S. W., 63. The testimony in this case shows that appellant collected money from Novark; that he wrote the receipt in question and handed the same to Novark who was unable to read or write. He represented to Novark that his name was S. M. Taylor and that he was the representative of the

Southern Union Casualty Company of Houston, Texas. Under the evidence, as we understand it, it clearly shows a fraudulent intent on the part of appellant.

By bill of exception number four appellant complains of the action of the trial court in declining to permit him to prove by the injured party that appellant's brother came to see him and told him, the alleged injured party, that he would refund and pay to him the amount of money he was out. The excluded testimony, even if admitted, would not have constituted any defense to the charge of forgery. To illustrate our position we make the following observation: If A forged the name of B to a check and obtained the money thereon, and thereafter when apprehended offers to return or refund the money, it would not relieve him from prosecution for the offense of forgery.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant seems to lay down the proposition that nothing in the alleged forged receipt shows the connection the different parties had with said receipt; also that said receipt was of doubtful import, and dependent on extrinsic facts to create or discharge a pecuniary obligation; that same is based on a future contingency, and that there are no extrinsic averments of these matters in the indictment. We confess our inability to see why there should be extrinsic averments of these matters in the indictment.

The alleged forged receipt is set out at length in our original opinion, and therefrom it appears that, if genuine,—the document plainly stated that on December 21, 1935, Stash Novark had paid to S. M. Taylor $24.00 in money, receipt of which Taylor acknowledged in writing. It is true that in said writing, in addition to what is above set out, we find the following: "Upon this application to Southern Union Casualty Company, Houston, Texas, which amount I agree to refund in the event said application is rejected. Please notify the office if policy is not received within ten days. Policy is not valid until de-

livered while insured is alive and in sound health. Paid to Jan. 26, 1937. (Signed) S. M. Taylor, Solicitor."

. It is in evidence and not disputed that this appellant in December, 1935, was working for the Southern Union Casualty Company, and, according to the testimony of the secretary of said concern, Mr. Cowling,—appellant was authorized to take applications for insurance and collect from the applicants the first payment on the policy applied for, and to give receipts therefor on forms furnished him, a copy of which form was in evidence, and shows to have printed thereon all the matters last above set out, except the words "Paid to Jan. 26, 1937," and the name S. M. Taylor. Appellant as a witness admitted that he and one Templeton, who was also working for said company, went to see Stash Novark on the occasion in question, and that before they reached Novark's place Templeton said to him "You are Mr. Taylor and my name is Johnson." In talking to Novark, appellant told him the company would knock off ten per cent and he himself would knock off the same amount if Novark would pay the annual premium on his policy in advance, and to this Novark agreed, and witness wrote out the receipt the way it was, and collected the discounted premium from Novark. This premium was admittedly on a policy already in existence. It was not a payment on a new policy. Appellant filled out the receipt and signed to same the name S. M. Taylor, and wrote at the bottom "Paid to Jan. 26, 1937." If we understand appellant's testimony he kept and spent the money he collected from Novark. The check written by Novark, for which the receipt was written, was made out to S. M. Taylor, and on the back of same bore the endorsement of S. M. Taylor, both of which appellant admitted were written by him.

The instrument alleged to have been forged being set out in haec verba, it was not necessary to aver its legal effect, or that it would have to have this, that or the other bearing on the parties named therein. None of its words are ambiguous. It plainly imports a legal liability, and plainly is a document affecting money and property, and does not seem to need any innuendo averments. Carder v. State, 35 Texas Crim. Rep., 105; Reeves v. State, 51 Texas Crim. Rep., 604. There was no need for any averment as to whether the company referred to was a corporation. Townser v. State, 79 Texas Crim. Rep., 4; Martin v. State, 85 Texas Crim. Rep., 89; Wisdom v. State, 122 Texas Crim. Rep., 271.

That the printed part of the alleged forged receipt appeared to relate to an application for the issuance of a new policy,

seems to us a matter of no materiality in determining the question of appellant's guilt in this case. There was no occasion for investigating or determining the relation of any of the parties to each other, and no issue before the trial court herein upon which said printed matter shed light. Appellant was not specifically charged with writing this printed matter, and clearly understood that he was not. The court was not called upon to determine any rights between parties. The only question was whether or not appellant signed to said document the name of S. M. Taylor, and wrote in it the amount of money for which he was giving a receipt.

We have read with interest the motion of appellant, and have examined the many authorities cited therein, but believe none of them have any application here.

The motion for rehearing is overruled.

*Overruled.*