FIDGE COVEY V. THE STATE.

No. 19188.   Delivered March 16, 1938.
Rehearing denied May 25, 1938.

The opinion states the case.

*Albert J. Baskin,* of Fort Worth, for appellant.

*Will R. Parker,* Criminal District Attorney, and *Leo Brewster* and *H. C. Wade,* Assistants Criminal District Attorneys, all of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is being an accomplice to the wilful alteration of the returns of a primary election; the punishment, confinement in the penitentiary for four years.

The indictment charged in substance that Jimmie Johnston unlawfully, wilfully and fraudulently altered certain official election returns of the General Democratic Primary Election held in Tarrant County, Texas, on the 25th day of July, 1936, for the purpose of selecting the nominees of said Democratic Party. Specifically it was charged that said election was held for the nomination of a candidate for the United States Senate, and that the returns altered by the said Johnston were those from election precinct No. 81 in said Tarrant County, which said returns had theretofore been made up and authenticated according to law. Further, the indictment set forth the election returns as they appeared prior to their alteration. Thereafter we find the following allegation:

"And the said Jimmie Johnston did unlawfully, wilfully and fraudulently alter said election returns by changing and altering the figures of said returns opposite the name of Carl Smith from 405 to 305, thereby making said returns show that the said Carl Smith had received 305 votes in said election precinct,

when in truth and in fact said returns before they were altered showed that he had received 405 votes; and by changing and altering the figures on said returns opposite the name of C. D. (Buster) Little from 419 to 519, thereby making said returns show that the said C. D. (Buster) Little had received 519 votes in said election precinct, when in truth and in fact said returns before they were altered showed that he had received 419 votes."

Following the foregoing averments the indictment set forth the election returns after the alleged alterations had been made, it appearing therefrom that Carl Smith and C. D. (Buster) Little were Democratic candidates for the nomination of sheriff of Tarrant County. The indictment is concluded with averments to the effect that prior to the commission of the said offense by the said Jimmie Johnston, appellant unlawfully and wilfully advised, commanded and encouraged him, the said Johnston, to commit said offense, the appellant not being present at the time of its said commission by the said Johnston.

The testimony showed that Carl Smith and C. D. (Buster) Little were rival candidates for the nomination to the office of sheriff of Tarrant County, and that Carl Smith received a majority over the said Little and other candidates in the primary election held in July, 1936. After the election returns had been made up and sent to the county chairman of the Democratic Party, and while they were being held in his office awaiting the official canvass, said office was broken into and the envelopes containing the returns were opened, and said returns and tally sheets were altered in the manner charged in the indictment. The proof on the part of the State was to the further effect that Jimmie Johnston altered the returns and that, prior to the commission of the offense by him, appellant had advised and commanded him to make said alterations. The State introduced in evidence appellant's voluntary confession in which he admitted his guilt as an accomplice.

Appellant insists that the alteration of returns of primary elections held for the nomination of a United States Senator is not an offense, his position being that Article 275, P. C., is too general and indefinite to define any offense or provide any punishment therefor. We quote said article, as follows:

"At each primary election held in this State for the nomination of a candidate for United States Senator, each provision of the laws of this State which has for its object the protection of the ballot and the safeguarding of the public against fraudulent voting, undue influence, corrupt practices, and in fact each restriction of whatever kind as applied to any election held in

this State whether general, special or primary shall be held to apply to a primary election held for or when a candidate for United States Senator is to be nominated when not in conflict with the provisions of this chapter. The violation of any such provision or restriction at any such primary election shall be punished in the same manner as prescribed by law for the violation of any election law whether general, special or primary."

Article 244, P. C., reads as follows:

"If any person shall wilfully alter or obliterate, suppress or destroy any ballots, election returns or certificates of election, he shall be confined in the penitentiary not less than three nor more than five years."

We deem the article last quoted sufficient within itself to denounce as an offense the alteration of primary election returns. In substantially its present form, this article was Section 179, page 562, of the Acts of 1905, and was a part of an act dealing with general, primary and special elections. It seems plain that when the Legislature inserted such a provision in an act dealing with all classes of elections it was intended to apply to general, primary and special elections. See Davis v. State, 246 S. W. 395. We are constrained to overrule appellant's contention.

Further, it is insisted that the indictment is deficient in failing to allege that Carl Smith and C. D. (Buster) Little were candidates for the nomination to the office of sheriff of Tarrant County. It is observed that the indictment set out verbatim the return of the election precinct as it was before the alleged alteration and as it appeared after said alteration. These returns were not exhibits but were made a part of the indictment. At the beginning of the return we find the following expression:

"For nominating candidates the total number of votes polled was 902."

Also, the following statement is embraced in the return:

"Each of the following candidates received the number of votes placed opposite each name, to-wit:"

The list of candidates follows the above statement, and the return gives not only the name of the candidate but the number of votes received, and the office for which he was seeking nomination. In this itemized list there appears: "Carl Smith received 405 votes for sheriff. C. D. (Buster) Little received 419 votes for sheriff." At the conclusion of the return is the certificate of the presiding officer and the other election officials, which

states that the foregoing list was a true and correct return of said election, and "correctly shows the total number of votes cast at said election precinct, and the total number of votes cast for each candidate at said election for the office set opposite their respective names." It has already been observed that after setting out the return before the alleged alteration was made, the indictment charged that the election return was unlawfully, wilfully and fraudulently altered "by changing and altering the figures on said returns opposite the name of Carl Smith from 405 to 305, thereby making said returns show that the said Carl Smith had received 305 votes in said election precinct, when in truth and in fact said returns before they were altered showed that he had received 405 votes; and by changing and altering the figures of said returns opposite the name of C. D. (Buster) Little from 419 to 519, thereby making said returns show that said C. D. (Buster) Little had received 519 votes in said election precinct, when in truth and in fact said returns before they were altered showed that he had received 419 votes."

The indictment then set forth the returns of the election as they appeared after they had been altered, and embraced the same allegations with reference to the candidates as did the returns before the alterations were made, the only difference being in the averments as to the number of votes Carl Smith and C. D. (Buster) Little had received. Said returns, as embraced in the indictment, constituted a complete instrument. Hence it would not appear necessary to set forth extrinsic averments to explain terms which had already been made clear and intelligible by the statements in the completed return. See Wisdom v. State, 54 S. W. (2d) 533; Martin v. State, 209 S. W. 668. We deem the indictment sufficient to charge the offense.

A careful examination of all of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is insisted that the evidence does not support the conviction of appellant as an accomplice, but may show him to have been a principal. Disregarding the confession of Johnston, the alleged principal, and also the confession of

appellant, it is shown indisputably by other evidence that some one altered the returns of the election in question. The offense of alteration was established. Under the averments of the indictment it became necessary for the State to prove that Johnston was the principal in such alteration. In order to discharge such burden the State introduced Johnston's confession. It is true, while admitting facts that showed him to be a principal, the confession of Johnston also contained statements, which if true, also made appellant a principal in such alteration. The trial court very properly instructed the jury as to Johnston's confession as follows:

"You are further charged that you must not consider any act or declaration of the said Jimmie Johnston done or made out of the presence of the defendant, as testified to by the witnesses E. C. Watson or Weldon Bradley, or either of them, or the purported written statement of the said Jimmie Johnston which was introduced in evidence as State's Exhibit D, as any evidence whatever on the issue of whether the defendant advised, commanded or encouraged the said Jimmie Johnston to commit the offense which the indictment alleges the said Jimmie Johnston committed, and you will not consider such acts or declarations or the said purported statement of the said Jimmie Johnston for any purpose in this case except in determining the guilt or innocence of the said Jimmie Johnston of the offense which the indictment alleges that he, the said Jimmie Johnston, committed."

The State introduced in evidence the confession of appellant in which he denies being present when the alteration was made and excludes other conditions which would make him a principal in the commission of said offense, but admits facts which show that prior to such alteration he had advised and encouraged Johnston to commit the act. Appellant's confession brings him squarely within the realm of an accomplice to the crime.

Appellant's insistence has caused us to go again into the entire evidence in the record. After having done so we entertain no doubt that the conviction is amply supported.

The motion for rehearing is overruled.