### JIMMY BLAKE V. THE STATE.

No. 21695. Delivered October 29, 1941.

The opinion states the case.

*R. M. Gardner*, of Amarillo, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a forgery case; the punishment, two years in the State penitentiary.

Appellant attacks the sufficiency of the count in the indictment upon which the conviction is predicated as being vague, indefinite and ambiguous. With this contention we are not in accord. The instrument set forth therein was the subject of forgery. It was an ordinary commercial instrument, purporting to be a receipt for money paid. Chimene v. State, 106 S. W. (2d) 692, 133 Tex. Cr. R. 43; Martin v. State, 209. S. W. 668, 85 Tex. Cr. R. 89; Lamb-Campbell v. State, 162 S. W. 879, 72 Tex. Cr. R. 628. The explanatory averments were sufficient to make specific the full import and meaning of the instrument.

That appellant forged the instrument by signing the name of Roy D. Chase thereto is shown by the testimony of a witness who was present and saw him execute the same. That it was in fact a forgery was established by the testimony of Roy D. Chase.

The appellant did not testify as a witness in his own behalf, nor did he offer any affirmative defense.

The facts are sufficient to support the jury's conclusion of guilt.

A bill of exception appears seeking to complain of the introduction of certain testimony relative an alleged telephone conversation. The bill of exception fails to state any grounds of objection upon appellant's part. Upon this point the bill of exception contains only the following:

"At the time the above testimony of the telephone conversation was offered as evidence the defendant did then and there in open court object to the admissibility of the testimony, the court overruled said objection, and admitted it as evidence, to which ruling the defendant then and there, in open court, excepted to the court's ruling."

A bill of exception to the admission of testimony, to be sufficient, must, among other things, state the grounds of exception urged. The authorities supporting this rule are numerous and will be found collated under Note 31 of Art. 667, Vernon's C. C. P. The bill of exception before us presents nothing for consideration.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.