Opinion by
Mr. Justice Kelley.
*454 This is an extradition case. It is here on an agreed statement of the record, pursuant to the provisions of R.C.P. Colo. 112(e). The agreed statement in pertinent part reads as follows:
“The sole point to be relied upon on appeal is the trial court’s error in finding that the indictment was sufficient to substantially charge the petitioner with a crime.”
The Texas grand jury indictment, in its pertinent part, charges:
“THE GRAND JURORS, for the County of Wichita, State aforesaid, duly organized as such at the January Term, A. D., 1964, of the 30th District Court for said County, upon their oaths in said Court present that Milford Threadgill on or about the 10th day of May A. D., 1964, and anterior to the presentment of this indictment, in the County of Wichita and State of Texas, did then and there unlawfully without lawful authority and with the intent to injure and defraud make false instrument in writing which said false instrument in writing so made was then and there of the tenor following [a photocopy of the instrument]:
“Wichita Falls, Texas. 5-10 1964 No.......
CITY NATIONAL BANK IN WICHITA FALLS 88-130
1113
Pay to the order of MILFORD THREADGILL $ 80/00
EIGHTY AND No/100-Dollars
N L MURPHY
The question raised is one which is basic to extradition proceedings. C.R.S. 1963, 60-1-3, in part, provides:
“No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging * * *. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; * * (Emphasis added.)
The question for our determination on this writ *455 of error is: Did the indictment, as a matter of law, substantially charge the plaintiff in error with having committed a crime in Texas? The question is answered in the affirmative. Buhler v. People, 151 Colo. 345, 377 P.2d 748.
The Texas Statute pertinent to this discussion is found in Vernon’s Ann. P.C., Art. 979, which provides:
“He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever. * *
The plaintiff in error argues that the indictment is deficient in that (1) it fails to allege that the instrument, if true, could “have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever”; (2) fails to allege that the writing purports “to be the act of another”; and (3) that it fails to name the intended victim.
In support of his position, plaintiff in error cites Young v. The State, 84 Tex. Crim. 179, 206 S.W. 197. An examination of the facts in the Young indictment discloses that the “writing” involved was a telegram, whereas in the case under consideration here it is a cheek — a negotiable instrument. The Young indictment was substantially the same as the Threadgill indictment except that the alleged forged writing, which was alleged in haec verba, read: “John Friedman, 816 St. Charles Street, Brownsville, Tex. Send Jewelry here. 304 Main Ave. (Signed) J. E. Landon.”
No extrinsic averments were made.
The court reversed the conviction of Young, because, it said, “We cannot tell from said telegram without *456 extrinsic averments how it comes within our forgery statutes.”
The Texas court distinguished the case before it from one where the instrument in writing alleged to have been forged was an ordinary commercial instrument, by adopting the following from 2 Branch’s Ann. P.C. § 1389:
“If the instrument in writing alleged to be forged is such on its face as, if true, it creates or increases a pecuniary obligation such as a check, draft, note or other ordinary commercial instrument and will afford the basis of a civil action without resorting to extrinsic testimony, then a charge of forgery can be based thereon without any extrinsic averments.” (Emphasis added.) Decisions both prior (see Davis v. State, 70 Tex. Crim. 253, 156 S.W. 1171, and Cheesebourge v. State, 70 Tex. Crim. 612, 157 S.W. 761) and subsequent (Chimene v. State, 133 Tex. Crim. 43, 106 S.W.2d 692; Burnett v. State, 102 Tex. Crim. 595, 279 S.W. 260, and Martin v. State, 85 Tex. Crim. 89, 209 S.W. 668) to Young have enunciated the same rule of law.
Answering the second point raised by plaintiff in error, that the indictment fails to allege that the writing “purports to be the act of another,” we quote from Wisdom v. State, 122 Tex. Crim. 271, 54 S.W.2d 533:
“* * * js apparent from the alleged forged instrument on its face that the maker thereof purports to be a different person from the payee. Under such circumstances, it is not necessary that the indictment aver that the forgery purports to be the act of another * *
(See, Watts v. State, 143 Tex. Crim. 303, 158 S.W.2d 510; Pye v. State, 71 Tex. Crim. 94, 154 S.W. 222, and Webb v. State, 39 Tex. Crim. 534, 47 S.W. 356.)
The last point, that it fails to name the intended victim, is disposed of by the Texas court in Pye v. State, 71 Tex. Crim. 94, 154 S.W. 222, with this observation:
“It was not necessary for the indictment to contain what is termed a ‘purport clause,’ that is, it is not necessary to state whose act it purports to be, nor who it was *457 intended to defraud by executing the instrument; it need only be charged that it was executed without lawful authority, and with intent to injure and defraud, without specifying who it was intended to defraud. * *
We hold that the indictment here, when tested by the law of Texas, substantially charges the plaintiff in error with the crime of forgery.
The judgment of the trial court, which discharged the writ of habeas corpus and remanded Threadgill to custody, is affirmed.
Mr. Chief Justice Moore, Mr. Justice Sutton, and Mr. Justice Day concur.